COLLOTON, Circuit Judge,
concurring in part and concurring in the judgment.
I concur in Parts I and II.A of the opinion of the court. As for Part II.B, I would affirm the district court’s dismissal of the cross-claims brought by Gopher News Company against the union, but on a narrower ground.
The district court understandably concluded at the outset of this case that the court had jurisdiction to adjudicate Gopher News’s cross-claims. The plaintiff drivers brought a “hybrid § 301/fair representation” claim against Gopher News and the union, and properly invoked the district court’s jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Section 301 created an exception to the exclusive jurisdiction of the National Labor Relations Board to address unfair labor practices. See Farmer v. Carpenters Local 25, 430 U.S. 290, 297 n. 8, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977); William E. Arnold Co. v. Carpenters Dist. Council, 417 U.S. 12, 16, 94 S.Ct. 2069, 40 L.Ed.2d 620 (1974). In Textron Lycoming Recip. Engine Div., Avco Corp. v. UAW, 523 U.S. 653, 118 S.Ct. 1626, 140 L.Ed.2d 863 (1998), the Supreme Court declared that § 301 “erects a gateway through which parties may pass into federal court,” and that “once they have entered, it does not restrict the legal landscape they may traverse.” Id. at 657-58, 118 S.Ct. 1626. That is, once parties have invoked a court’s jurisdiction under § 301, the court has ancillary jurisdiction to adjudicate other matters that could not themselves be brought under § 301. Id. at 658, 118 S.Ct. 1626.
This court in Trs. of the Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc., 450 F.3d 324 (8th Cir.2006), addressed whether a third-party complaint filed by Superior Waterproofing to allege fraudulent inducement by a union was preempted by § 301. The company argued that because Textron established that a claim of fraudulent inducement to sign a labor contract is not a “suit for violation of contracts” within the meaning of § 301, such a fraud claim is not preempted by § 301. See Alongi v. Ford Motor Co., 386 F.3d 716, 725 (6th Cir.2004). This court responded that Textron established that “once any party to an action asserts a contractual violation there is broad subject matter jurisdiction under § 301 to adjudicate related issues of contract validity such as fraud.” 450 F.3d at 330. That was “precisely the case” in Superior Waterproofing, said this court, where Superior’s fraudulent inducement claims were raised in answer to a complaint that alleged that Superior had breached a collective bargaining agreement with the union. Id. For that reason, this court ruled that Textron did not bar the union from asserting a preemption defense under § 301. Id.
*1062 The district court reasonably understood Superior Waterproofing to mean that the court in that case had jurisdiction over the company’s third-party complaint alleging fraudulent inducement by the union, for otherwise this court’s reference in Superi- or Waterproofing to jurisdiction “to adjudicate related issues of contract validity such as fraud,” 450 F.3d at 330, would have been meaningless. And the district court logically thought it followed from Superior Waterproofing that the court in this case had jurisdiction over Gopher News’s cross-claims alleging fraudulent inducement by the union. Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982), a case not cited by either party to this appeal, held that a court adjudicating a § 301 claim must entertain a defense that the contract at issue is illegal under the antitrust and labor laws. Id. at 85-86, 102 S.Ct. 851. Whether the district court in a § 301 case has jurisdiction over the sort of cross-claims or third-party complaint at issue here and in Superior Waterproofing, respectively, was not at issue in Kaiser Steel. There is dictum in Kaiser Steel to compete with more recent dicta in Textron and Superior Waterproofing, but it is an overstatement to say that Kaiser Steel rendered a “holding” that governs the district court’s decision in this case. Cf. ante, at 1059.
What is clear, however, is that any jurisdiction the district court properly exercised over Gopher News’s cross-claims was “ancillary to, and not independent of, its power to adjudicate ‘suits for violation of contracts.’ ” Textron, 523 U.S. at 658, 118 S.Ct. 1626. As such, the court’s jurisdiction over the cross-claims was at best supplemental under 28 U.S.C. § 1367. Once the district court dismissed the complaint of the drivers as untimely, it was not an abuse of discretion for the court to decline the exercise of supplemental jurisdiction over the cross-claims. See Gerhardson v. Gopher News Co., No. 08-537, 2011 WL
3837098, at *4 (D.Minn. Aug. 29, 2011) (ruling in the alternative that “the Court declines to exercise [discretionary supplemental jurisdiction] since the entirety of plaintiffs’ complaint has been dismissed”). Gopher News complains that dismissal of the cross-claims at a later stage of the litigation was unfair, because it is now too late for the company to bring its fraud claims before the National Labor Relations Board as alleged unfair labor practices. Yet the law permits a party to pursue its claims concurrently in federal court and before the Board. See Local Union No. 88i, United Rubber, Cork, Linoleum & Plastic Workers v. Bridgestone/Firestone, Inc., 61 F.3d 1347, 1356 (8th Cir.1995). Gopher News, by relying at best on an assertion that the district court had ancillary jurisdiction over the cross-claims, assumed the risk that its claims might not be adjudicated in federal court if the underlying § 301 claim were dismissed. There is a tolling provision in 28 U.S.C. § 1367(d), which takes effect, where applicable, whether or not the district court “acknowledge[s]” its existence in a dismissal order, cf. ante, at 1059-60, but the company does not argue on appeal that it could benefit from that provision, and instead concedes that it is “past the point in time that ... the NLRB could consider Gopher’s allegations of fraud.” Cf. Jarmuth v. Frinzi, No. 1:04CV63, 2006 WL 4730263, at *11 (N.D.W.Va. July 25, 2006). The district court was not compelled to retain supplemental jurisdiction over the cross-claims, and I therefore concur in the judgment.